# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60830
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YARTNEY GREER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-39-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Yartney Greer pleaded guilty in 2014 to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). He was sentenced to 46 months of imprisonment and three years of supervised release; he also was ordered to pay a $1,500 fine. On September 2, 2016, Greer began serving his term of supervised release. Prior to the expiration of his supervised release, Greer was charged with violating the terms by: (1) being arrested and charged in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60830

November 2017 with possession of a weapon by a convicted felon, possession of marijuana, and two motor vehicle offenses; (2) providing a urine sample positive for marijuana use in March 2018; and (3) failing to pay the court-ordered fine.  In October 2019, his supervised release was revoked, and he was sentenced to 14 months of imprisonment and 22 months of supervised release.

Now, he challenges the revocation of his supervised release, arguing that the district court erred when it admitted the hearsay statement of a witness, Devon Gatson, who did not testify at the revocation hearing, without making a judicial finding of good cause to deny Greer's interest in confrontation and cross-examination of Gatson.  He contends that he had a substantial interest in confronting Gatson's alleged statement that Greer knew that a gun was in the van and had moved it.

A preserved Confrontation Clause objection is reviewed de novo, subject to harmless error analysis.  *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).  At a revocation hearing, a defendant has the due-process right "to refute and challenge adverse evidence to assure that the court's relevant findings are based on verified facts."  *United States v. Grandlund*, 71 F.3d 507, 509-10 (5th Cir. 1995); *see Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972) (holding that "the minimum requirements of due process" in a parole revocation proceeding include "the right to confront and cross-examine adverse witnesses").

"Determining whether good cause exists requires 'weigh[ing] the defendant's interest in confrontation of a particular witness against the Government's proffered reasons for pretermitting the confrontation.'"  *United States v. Jimison*, 825 F.3d 260, 263 (5th Cir. 2016) (alteration in original) (quoting *United States v. Minnitt*, 617 F.3d 327, 333 (5th Cir. 2010)).  "[A] district court is required to make 'an explicit, specific finding of good cause' for

not allowing confrontation of a particular witness." *Jimison*, 825 F.3d at 263 (citation omitted). While a failure to make a good cause finding "may require reversal in most instances, . . . [such a failure] may be found to be harmless error where good cause exists, its basis is found in the record, and its finding is implicit in the court's rulings." *Grandlund*, 71 F.3d at 510 (footnote omitted).

The record shows that the district court made no attempt to weigh Greer's interest in cross-examining Gatson against the Government's interest in preventing Gatson's cross-examination. *Jimison*, 825 F.3d at 264. However, as the Government notes, the district court stated that it would have made the same finding that Greer possessed the firearm without Gatson's alleged statement. The Government argues that any error is harmless because the district court specifically stated that its decision to find a supervised release violation based on Greer's possession of a firearm could be based on other facts, including Greer's own statement, without regard to Gatson's hearsay statement.

Although the district court initially cited Gatson's statement in its ruling, the district court later stated that it would make the same ruling without reliance on Gatson's statement, based on Greer's statement to Officer Ward that he attempted to conceal the gun. Greer does not challenge the sufficiency of the evidence supporting revocation without reliance on Gatson's statement, specifically stating that the issue is not one of sufficiency of the evidence. We determine that it was harmless error for the district court to admit the hearsay statements without a finding of good cause where properly admitted evidence supported the district court's ruling. *See Minnitt*, 617 F.3d at 335-36.

AFFIRMED.